UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JANET and KENNETH MURRAY,  No. 16-10485

Debtor(s).
_____/

Memorandum re Motion to Approve Compromise
_____

     Chapter 13 debtors Janet and Kenneth Murray have proposed a plan by which they will pay over $67,000 in unsecured claims about 1 cent on the dollar. Several secured creditors filed objections to the plan which the Murrays have resolved by agreements. Ordinarily, when debtors and secured creditors make deals to resolve objections the terms of the deals are incorporated into the plan and are approved when the plan is confirmed. However, in this case the Murrays have asked the court to approve their deal with one of their secured creditors, which involves usury claims, as a compromise pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. The Murrays are proceeding as if they were trustees instead of debtors. This raises concerns on the part of the court.

     What trustee powers a Chapter 13 debtor may use has always been a gray area; the only powers given to Chapter 13 debtors by the Bankruptcy Code are set forth § 1303 and do not specifically include the power to compromise estate claims. Moreover, Rule 9019(a) is limited by its terms to the trustee. The Murrays are not trustees.

     The general rule in this circuit is that Chapter 13 debtors may use trustee powers on behalf of

1

the bankruptcy estate if their confirmed plan so provides, so long as the use of those powers does not allow the debtors to pocket the proceeds; the powers must be exercised on behalf of the estate. *In re Cohen,* 305 B.R. 886, 897-98 (9th Cir. BAP 2004).

Any time a bankruptcy court is asked to approve a compromise, it must consider the interests of creditors paramount. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). It is difficult for the court to see how the compromise for which the Murrays seek approval benefits the unsecured creditors in this case, as they are to be paid essentially nothing under the proposed plan. Moreover, consideration of the compromise at this time improperly shifts the attention of the trustee, the court and all creditors from where it should be: the requirement of § 1325(a)(4) that the value of property to be distributed on account of each unsecured claim is not less than the claim would be paid if the debtor was liquidated under Chapter 7. The Murrays cannot finesse this requirement by asking the court to approve a compromise which gives away estate claims.

For the foregoing reasons, the court will not consider the Murray's motion to compromise until after a plan providing for such a motion has been confirmed. In the meantime, the court reminds the Murrays that they must prove their unsecured creditors would get next to nothing in Chapter 7, without considering the compromise, before their plan can be confirmed.

Dated: November 14, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

2